
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARLUK MAYWEATHERS, AKA Karluk Khan Mayweathers, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> J. S. WOODFORD, Director of Corrections; et al., <br><br> Defendants - Appellees. | No. 08-56835 <br><br> D.C. No. 3:05-cv-00713-WQH-CAB <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 4, 2010 [**]

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Karluk Mayweathers, a California state prisoner, appeals pro se the district

court's grant of summary judgment to prison officials in this civil rights action.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We start by determining what issues have been preserved for appeal. It is clear that Mayweathers challenges the district court's ruling that prison officials are entitled to qualified immunity on his claim that using race as a factor in assigning cellmates is an equal protection violation. It is also clear he seeks review of the district court's denial of his request for an injunction that would prohibit the prison from assigning him a cellmate based on race. Although he may seek review of other issues raised in the district court, we conclude no other issues are properly before us. Issues mentioned in an opening brief, but not argued, are deemed abandoned. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). Accordingly, we confine our review to the issues of qualified immunity and the availability of injunctive relief.

1. Qualified Immunity

Qualified immunity protects government workers from civil liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Cousins v. Lockyer*, 568 F.3d 1063, 1069 (9th Cir. 2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When Mayweathers was assigned his cellmate, the law was not clearly established that considering an inmate's race violates equal protection. Rather,

such a policy was then regarded as "undoubtedly a legitimate penological interest" related to prison security.  *See Johnson v. California*, 321 F.3d 791, 799 (9th Cir. 2003).  Although *Johnson* was later overruled by the Supreme Court, *Johnson v. California*, 543 U.S. 499, 515 (2005) (holding strict scrutiny should be applied to such racial classifications), prison officials at the time would have reasonably believed their policy did not violate Mayweathers' equal protection rights.  Accordingly, the officials are entitled to qualified immunity.  *See Walker v. Gomez*, 370 F.3d 969, 978 (9th Cir. 2004) (holding prison officials are entitled to qualified immunity if it was not clearly established that race-based differentiation is unconstitutional).

We reject Mayweathers' argument that prison officials should have known their policy violated equal protection because various international treaties prohibit racial segregation.  Although deprivations of treaty-based rights may be actionable and therefore call into play the availability of a qualified immunity defense, *see Romero v. Kitsap County*, 931 F.2d 624, 627 n.5 (9th Cir. 1991), we agree with the district court that the treaties at issue here do not give rise to private rights of action.  *See, e.g., Cornejo v. County of San Diego*, 504 F.3d 853, 857 (9th Cir. 2007).

2.    Injunctive Relief

Qualified immunity does not preclude Mayweathers' request for injunctive relief. *See Walker*, 370 F.3d at 978. Nonetheless, we conclude that Mayweathers has not carried his burden of showing "that he faces a real or immediate threat . . . that he will again be wronged in a similar way." *See Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (internal quotation marks omitted). As the district court noted, the prison has stopped using race as a factor in housing inmates and Mayweathers has been transferred to a dormitory facility.

**AFFIRMED**.[1]

---

[1]    Mayweathers' request for an appointment of appellate counsel is denied. There are no exceptional circumstances that merit an appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1282 (2010).